UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/6/16
```

BROOKFIELD OFFICE PROPERTIES INC.,

    *Plaintiff*,

v.

MANHATTAN WEST HOTEL, CYMO TRADING CORP. and JD HOTEL MANAGEMENT INC.,

    *Defendants*.

Case No. 1:16-cv-01854-VM

**CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

    This Scheduling Order and Case Management Plan is adopted in accordance with Fed. R. Civ. P. 16-26(f).

1. This case is to be tried to a jury.

2. Joinder of additional parties is to be accomplished by **May 27, 2016**.

3. Amended pleadings may be filed without leave of the Court until **May 27, 2016**.

4. Initial disclosure pursuant to Fed. R. Civ. P. 26(a)(1) to be completed within fourteen (14) days of the date of the parties' conference pursuant to Rule 26(f), specifically by not later than **April 29, 2016**.

5. All <u>fact</u> discovery is to be completed within one hundred twenty (120) days of the date of this Order, specifically by no later than **September 2, 2016**.

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided the parties are certain that they can still meet the discovery completion date ordered by the Court.

    a. Initial request for production of documents to be served by **May 13, 2016**.

    b. Interrogatories to be served by all parties by **August 1, 2016**.

    c. Depositions to be completed by **September 2, 2016**.

        i. Unless the parties agree or the Court so orders, depositions are not to be held until all parties have responded to initial requests for document production.

        ii. Depositions for all parties shall proceed during the same time.

{F1919892.1}

    iii. Unless the parties agree or the Court so orders, non-party depositions shall follow party depositions when possible.

  d. Requests to Admit to be served no later than **August 1, 2016.**

7. All <u>expert</u> discovery (ordinarily conducted following the completion of fact discovery) including parties' expert reports and depositions, witness lists and identification of documents pursuant to Fed. R. Civ. P. 26(a)(2), (3) and 35(b), is to be completed by:

  a. Plaintiff: **November 18, 2016.**

  b. Defendant: **November 18, 2016.**

8. Contemplated motions:

  a. Plaintiff: **Summary Judgment**

  b. Defendant:

9. Following all discovery, all counsel must meet for at least one hour to discuss settlement, such conference to be held by not later than **November 22, 2016.**

10. Do all parties consent to trial by a Magistrate Judge under 28 U.S.C. § 636(c)?

  **No.**

..................................................................................

## TO BE COMPLETED BY THE COURT

11. The next Case Management Conference is scheduled for _9-9-16 at 2:00 pm._

In the event the case is to proceed to trial, a firm trial date and the deadline for submission of the Joint Pretrial Order and related documents shall be scheduled at the pretrial conference following either the completion of all discovery or the Court's ruling on any dispositive motion.

The Joint Pretrial Order should be prepared in accordance with Judge Marrero's Individual Practices. If this action is to be tried before a jury, proposed voir dire and jury instructions shall be filed with the Joint Pretrial Order. No motion for summary judgement shall be served after the deadline fixed for the Joint Pretrial Order.

**SO ORDERED:**

DATED: New York, New York
    May /2, 2016

                  VICTOR MARRERO, U.S.D.J.

{F1919692.1}          2

# FROSS ZELNICK LEHRMAN & ZISSU, P.C.

**Partners**
Ronald J. Lehrman
Stephen Bigger
Roger L. Zissu
Richard Z. Lehv
David Ehrlich
Susan Upton Douglass
Peter J. Silverman
Lawrence Eli Apolzon
Barbara A. Solomon
Mark D. Engelmann
Nadine H. Jacobson
Andrew N. Fredbeck
Craig S. Mende
Allison Strickland Ricketts
John P. Margiotta
Lydia T. Gobena
Carlos Cucurella
James D. Weinberger
David Donahue
Nancy E. Sabarra
Charles T. J. Weigell III
Laura Popp-Rosenberg
Cara A. Boyle
Karen Lim

**Senior Counsel**
Janet L. Hoffman

**Counsel**
James D. Silberstein
Joyce M. Ferraro
Robert A. Becker
Tamar Niv Bessinger
Nancy C. DiConza

**Associates**
Jason Jones
Leo Kittay
Todd Martin
Robin N. Baydurcan
Sherri N. Duitz
Amanda B. Agati
Jennifer Insley-Pruitt
Emily Weiss
Ashford Tucker
Erica Gould
Matthew Frisbee
Celadon Whitehurst
Hindy Dym
Katherine Lyon Dayton
Maritza C. Schaeffer
Felicity Kohn

April 29, 2016

**BY FACSIMILIE - (212) 805-6382**

The Honorable Victor Marrero, U.S.D.J.
United States District Court for the
  Southern District of New York
United States Courthouse
500 Pearl Street, Suite 1040
New York, New York 10007

Re:   *Brookfield Office Properties Inc. v. Manhattan West Hotel, CYMO Trading Corp., & JD Hotel Mgmt. Inc.*, No.: 16-CV-1854 (VM) (BROI 1601622)

Dear Judge Marrero:

We are counsel for plaintiff Brookfield Office Properties Inc. ("Plaintiff") in the above-referenced case. We hereby submit this letter jointly with defendants Manhattan West Hotel, CYMO Trading Corp., and JD Hotel Management Inc. ("Defendants"), pursuant to the Court's Notice of Pretrial Conference dated April 4, 2016 (Dkt. No. 12). The Pretrial Conference is scheduled for May 6, 2016 at 2:45 p.m.

The parties' counsel have met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and have agreed on the dates and other matters set forth in the proposed Civil Case Management Plan and Scheduling Order, attached hereto. (The Plan provides that initial disclosures are to be exchanged today.) Further, the parties hereby submit the following matters required by the Notice of Pretrial Conference.

## A Brief Description of the Case

*Plaintiff's Description*: This case presents a straightforward claim of trademark infringement, unfair competition under federal and New York state law, and dilution under New York state law. Plaintiff is a well-known commercial and residential property company. For several years, Plaintiff has been developing a seven million square foot mixed-use property in New York's burgeoning Hudson Yards district, called Manhattan West. In addition to shops, offices, and other commercial space, plans for the Manhattan West development include a hotel. Plaintiff has invested substantial funds and effort into widespread advertising and promotional efforts in connection with its MANHATTAN WEST mark, as well as its logo, a stylized version of the abbreviation MW. Plaintiff has also obtained federal registrations for both marks, which both constitute prima facie evidence of the validity of the marks and serve to put the Defendants on constructive notice of the marks' existence. Nevertheless, years after Plaintiff commenced use of its marks in connection with its well-publicized Manhattan West development, Defendants opened a hotel called MANHATTAN WEST HOTEL

{F1352485.7 }

866 United Nations Plaza at First Avenue & 48th Street | New York, New York 10017
Phone 212.813.5900 | Fax 212.813.5901 | www.frosszelnick.com

The Honorable Victor Marrero, U.S.D.J.
April 29, 2016
Page 2

just blocks from Plaintiff's development. Despite Plaintiff's attempt to alert Defendants of their infringement of Plaintiff's trademarks, Defendants have refused to cease their infringement, leaving Plaintiff no choice but to bring the instant suit.

To prove a claim of trademark infringement, Plaintiff must show that (1) it owns a valid trademark, (2) Defendants used a similar mark in commerce in connection with the sale or advertising of goods or services without Plaintiff's consent, (3) Plaintiff was the first as between the parties to use the mark in commerce, and (4) such use is likely to cause confusion as to the affiliation, connection or association of Defendants or their goods or services with Plaintiff or Plaintiff's goods or services. 15 U.S.C §§ 1114(1), 1125. Here, Plaintiff's ownership of prior used, valid trademarks in MANHATTAN WEST and MW logo in connection with real estate services is not in question, given its federal trademark registrations for both marks. Nor is there any doubt that Defendants have used a virtually identical mark, MANHATTAN WEST HOTEL, along with a MW logo similar to that used by Plaintiff, in connection with offering hotel services. Finally, likelihood of confusion is a virtual certainty. The marks are identical. Real estate development and hotels are closely related, and Plaintiff's plans for a hotel at Manhattan West confirm this. That is all that is necessary to prove trademark infringement, unfair competition under federal and state law, as well as dilution under New York state law. The only remaining issue for litigation is the amount of damages for which Defendants are liable given their unlawful conduct.

*Defendants' Description:* While Plaintiff's registration of "MANHATTAN WEST" and "MW" logo is prima facie evidence of Plaintiff's exclusive right to use the name and logo for which they are registered, Defendants are the "Prior User" of the name "MANHATTAN WEST HOTEL" and their own different and distinct logo. Defendants are ready to show (1) that the name "MANHATTAN WEST HOTEL" and their logo were used by Defendants prior to Plaintiff's registration of the name "Manhattan West" and "MW" logo and (2) that Defendants acquired common law rights as a result of their use of the name and logo prior to Plaintiff's use in the New York area. 15 U.S.C § 1115(b)(5). Indeed, Defendants still possess the right to oppose Plaintiff's "contestable" registration and petition to cancel a Junior User Plaintiff's registration.

Upon review of the Plaintiff's application to the Patent and Trademark Office, Defendants observed likelihood of fraud in obtaining Plaintiff's registration of the name "Manhattan West" and its logo. These observations will become more evident upon discovery and depositions of certain third parties who were involved with Plaintiff's registration.

**Contemplated Motions**

*Plaintiff:* Plaintiff does not contemplate bringing any motions at this time, but reserves its right to bring discovery motions and a motion for summary judgment as appropriate.

*Defendants:* None at this time.

{F1933485.2}

The Honorable Victor Marrero, U.S.D.J.
April 29, 2016
Page 3

## The Prospect for Settlement

Plaintiff and Defendants have engaged in initial settlement discussions, but to date such discussions have not been productive. The parties believe that a mediation before the assigned Magistrate Judge would be of assistance.

## Additional Procedural Issues

The parties are not amenable to proceeding (1) for all purposes before the Magistrate Judge assigned to this action or (2) to trial on an expedited basis pursuant to Part VI.A of Your Honor's Individual Rules.

Thank you for Your Honor's consideration of this joint letter and the attached Civil Case Management Plan and Scheduling Order in advance of the Pretrial Conference scheduled for May 6, 2016.

Respectfully submitted,

James D. Weinberger

Attachment

cc:   Stephen T. Song, Esq. (by email)
      Felicity Kohn, Esq.

{F1933485 2}